Gabrielli, J.
(dissenting). I must respectfully dissent, for I cannot agree that defendant was entitled to a reversal of his conviction on the present record.
I do not take issue with the majority’s implicit conclusion that the corroboration requirement in CPL 210.50 was applicable to the instant prosecution for perjury. Nor do I dispute that defendant took adequate steps to preserve “a question of law” (CPL 470.05), at least in the technical sense, when he submitted a written request for an instruction that would inform the jury of the necessity for corroborative evidence pursuant to that statute. As the majority correctly notes, the request was by itself sufficient to raise an issue that is cognizable in our court under the limited review powers conferred upon us by CPL 470.35 (subd 1), and no further exception or renewal of the request was necessary.
Our inquiry, however, may not end with this conclusion, for once we have determined that we have the power to consider a particular legal issue in accordance with CPL 470.05 and CPL 470.35 (subd 1), it obviously remains for us to determine whether the issue in question constitutes an adequate ground for disturbing the order appealed from. It is in connection with the latter determination that we must ask ourselves whether a realistic reading of the record indicates that an otherwise properly raised legal *984 objection was explicitly and voluntarily abandoned by the defendant (cf. People v Michael, 48 NY2d 1, 7, n 2). And, if such was the case, we ordinarily may not consider the issue in question as a ground for reversal, since to do so would be to ignore the procedural course which the parties have charted for themselves at trial.
Having considered the record in this case with an eye toward the practical realities of the trial setting, I must conclude that the request for an instruction, upon which the majority bases its reversal, was indeed voluntarily abandoned by the defendant before the jury retired to deliberate. Accordingly, I would affirm the conviction on the theory that the Trial Judge had no sound basis for including in his charge an instruction which he quite reasonably believed was no longer desired by the defendant.
Prior to the submission of the charge to the jury, defendant submitted a written list of eight specific instructions which he wished to have read to that body. Request No. 6 contained the language describing the corroboration requirement of CPL 210.50 as quoted by the majority. Admittedly, the trial court’s charge to the jury, which comprised some 56 pages in the printed transcript, did not include a reference to the requested instruction, although reference was made to another pertinent provision of the Criminal Procedure Law which requires corroboration of the existence of a crime when there has been a confession (CPL 60.50). Thus, had nothing further been said, defendant would have been entitled to rely upon the omission as a ground for reversal on appeal.
There was, however, a further discussion between defense counsel and the court concerning the adequacy of the charge. Immediately after the body of the court’s instructions were given, the following colloquy ensued:
“the court : * * * Do you have any exceptions, Mr. Civiletto [defense counsel] ?
“hr. civiletto: Your Honor, I request that the Court charge the jury as I previously requested of the Court in my written requests.
“the court : I thought I had meticulously done that. If *985 you will give them to me by number, I will give you a ruling. Do you have a copy?
“mr. giviletto: Yes, Your honor. ■
“the court : Do you have an extra copy for the Court Reporter? If not, I will have the Court Reporter — I will mark my copy. My copy will be marked as a Court Exhibit. What number are you concerned about?
“MR. giviletto : Number four.
“the court : That is denied because the Court has already charged that in substance.
“MR. giviletto : Number five, Your Honor.
“the court: That is denied. The Court has already charged that.
“MR. giviletto : That was all, Your Honor.”
Given the length and complexity of the court’s original charge, which involved some seven specific counts of perjury, it was reasonable for the court to have asked defense counsel to clarify the points he wished to be added. Indeed, the Trial Judge was evidently somewhat surprised that defense counsel was dissatisfied, since he genuinely believed that he had “meticulously” complied with all of defendant’s requests. Of course, defense counsel could have responded to the trial court’s inquiry by simply resting upon his written requests and indicating that he was not satisfied that all of the requested information had been placed before the jury. Had he done so, the Trial Judge would at least have been alerted to the need to review his prepared charge to ascertain whether it in fact contained each of the eight requested instructions, including the one involving the need for corroborative proof to support the perjury charge. Defense counsel, however, stated quite specifically and unequivocally that he was interested only in having request Nos. 4 and 5 added to the jury charge. When asked whether he had any additional requests, defense counsel plainly responded in the negative, stating: “That was all, Your Honor”.
In my view, any fair reading of the above-quoted colloquy would have to lead to the conclusion that defense counsel had abandoned his request Nos. 1, 2, 3, 7 and, most *986 importantly, his request No. 6, in which he cited the provision of the Criminal Procedure Law requiring corroboration for a conviction of the crime of perjury. Although we cannot probe into defense counsel’s mind at the time the colloquy took place, I think it is more than reasonable to infer that his reassertion of request Nos. 4 and 5 to the exclusion of all of the others was not an inadvertent slip, but rather was a conscious choice representing a tactical decision that had been made by the defense. While the strategic purpose to be served by such a decision remains somewhat unclear, I do not believe that we should permit defense counsel to undo this strategic choice on an appeal from the conviction. Having informed the trial court that he was satisfied by the jury instructions except insofar as his request Nos. 4 and 5 were omitted, defendant should not now be heard to complain that the instructions were faulty due to the omission of request No. 6.
Accordingly, I dissent from the position adopted by the majority and cast my vote to affirm the judgment of conviction in its entirety.
Chief Judge Cooke and Judges Wachtler, Fuchsberg and Meyer concur in memorandum; Judge Gabrielli dissents and votes to affirm in an opinion in which Judges Jasen and Jones concur.
Order modified and the case remitted to Supreme Court, Niagara County, for a new trial on the seventh count of the indictment in accordance with the memorandum herein and, as so modified, affirmed.